```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

**VS.**                                    CRIMINAL NO. 3:06-cr-43-WHB
                                        CIVIL ACTION NO. 3:08-cv-606-WHB

**ALFRED NAPOLEON COLLINS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendant Alfred Napoleon Collins ("Collins") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). As Collins is proceeding *pro se*, the allegations in his pleadings have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). The Court, having considered the Motion to Vacate, the Motion of the Government to Dismiss, the attachments to the pleadings, as well as supporting and opposing authorities, finds the Motion to Vacate should be denied, and the Motion to Dismiss should be granted.

### I.  Factual Background and Procedural History

On March 8, 2006, Collins was indicted on charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Collins pleaded guilty to the charges on June 14, 2007, and was sentenced on September 6, 2007, to a 180-month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a special assessment in

the amount of $100. Judgment was entered in Collins's criminal case on September 13, 2007, and no appeal was taken.

On or about September 30, 2008, Collins filed the subject Motion to Vacate. In his Motion, Collins argues: (1) he was denied effective assistance of counsel because his attorney failed to advise him that he could be sentenced to a term of imprisonment greater than the statutory maximum based on his status as an armed career criminal, and (2) he was denied effective assistance of counsel because his attorney failed to object to his being sentenced as an armed career criminal, and failed to object to the use of his prior state convictions for sentencing purposes. In response, the Government has moved to dismiss Collins's Motion to Vacate on the grounds that he waived his right to seek post-conviction relief as part of his plea agreement.

## II. Discussion

The Government has moved to dismiss Collins's Motion to Vacate on the grounds that he waived his right to seek post-conviction relief. On this issue, the record shows that Collins entered a Memorandum of Understanding ("MOU") through which he agreed to plead guilty to one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in the Indictment. As part of the MOU, Collins declared that the terms of the MOU had been: (1) read by or to him; (2) explained to him by his attorney; (3) understood by

2

him; (4) voluntarily accepted by him; and (5) agreed to and accepted by him. See Mot. to Dismiss [Docket No. 29], Ex. A (MOU), at 6. The waivers in the MOU include:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, ... hereby expressly waives the above rights and the following:
>
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and
>
> ....
>
> e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

Id. at ¶ 12 (a), (b) & (e).

The United States Court of Appeals for the Fifth Circuit has recognized that a "defendant can waive his right to file a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim." United States v. White, 307 F.3d 336, 339 (5th Cir. 2002)(citing United States v. Wilkes,

3

20 F.3d 651, 653 (5th Cir. 1994)). As explained by the Fifth Circuit:

> We ... hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. We agree with [Jones v. United States, 167 F.3d 1142 (7th Cir. 1998)] and [Mason v. United States, 211 F.3d 1065 (7th Cir. 2000)] that an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself – or the plea agreement of which it was a part – was unknowing or involuntary. This court addressed that problem in [United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995)]. Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. See Johnson v. Zerbst, 304 U.S. 458 (1938).

White, 307 F.3d at 343. Thus, under Fifth Circuit precedent, an ineffective assistance of counsel claim survives a waiver of appeal only in cases in which the claimed assistance directly affected the validity of the waiver or the plea itself. See White, at 343.

In the event a claim of ineffective assistance of counsel has not been waived, it is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim under Strickland, the defendant must prove (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced

4

his defense.  Id. at 687.  As further explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness.  To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Williams v. Taylor, 529 U.S. 362, 390-91 (2000)(citations omitted). If the Court finds that one of the Strickland requirements is not satisfied, it need not consider the other.  See Buxton v. Lynaugh, 879 F.2d 140, 142 (5th Cir. 1989)(finding that "Strickland allows the habeas court to look at either prong first; if either one is found dispositive, it is not necessary to address the other."). In the context of a guilty plea, in order to satisfy the prejudice requirement of the second Strickland prong "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  See also Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994)(finding that "[a] mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the Strickland test.  A [defendant] must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial.").

In his pleadings, Collins argues that his plea agreement and the waivers in the MOU were involuntary made because his attorney "denied him effective assistance of counsel by grossly misrepresenting and underestimating Collins's maximum sentence exposure" prior to the entry of the guilty plea. See Mem. in Supp. of Mot. to Vacate [Docket No. 24], at 3. Specifically, Collins argues that although his attorney informed him that the charges in the Indictment could result in a ten-year term of imprisonment, his attorney did not warn him that his sentence could be enhanced under the Sentencing Guidelines based on his status as an armed career criminal. Collins further argues "that if he was aware that his guilty plea would have exposed him to a maximum life sentence, he would have not plead guilty, and the outcome would have been different." Id. at 6.

In response to the Motion to Vacate, Collins's attorney submitted an affidavit in which he avers:

> 1. That I was hired by Alfred Collins to represent him shortly before trial in August, 2006.
>
> 2. That I moved for a continuance in order to more properly prepare to take the case to trial as Mr. Collins had requested.
>
> 3. That the case was continued to November 7, 2006.
>
> 4. That the defendant failed to show up for his trial or to prepare for the trial and was on the run from law enforcement.
>
> 5. That a warrant for the defendant was issued on November 21, 2006.
>
> 6. That the defendant was subsequently arrested on said warrant and placed back on the trial docket.

7. That to prevent any charges being filed against him on the fleeing, the defendant expressed his desire to plead guilty to the original charge.

8. That at the time of the plea it was discussed by this attorney with the defendant that under the sections he was charged U.S.C. 922(g)(1) and 924(a)(2), that there was a cap of ten (10) years on the sentence.

9. That this attorney further discussed with the defendant that this was an estimation, that the only true computation would come after the presentence investigation and at the time the defendant's attorney was not informed of all the defendant's criminal history.

10. That the defendant never told this attorney that he had three prior crimes of violence that would make 18 U.S.C. 924(e)(1) apply to his case.

11. That after entering the guilty plea and receiving the presentence report, it was apparent that the defendant did meet the qualifications of U.S.C. 924(e)(1) and would therefore be subject to the mandatory fifteen (15) years, as an armed career criminal.

12. That the underlying charges of convictions in the State of Mississippi were two (2) convictions of armed robbery and were proper under state law.

See Sumrall Aff. [Docket No. 28].

The record additionally shows that during the plea hearing Collins testified as follows:

THE COURT: It's my duty to explain to you the nature of the charges contained in the indictment which was returned against you and the maximum possible sentence which the court could impose upon you if you enter a plea of guilty. Have you seen a copy of the indictment?

THE DEFENDANT: Yes, your Honor.

THE COURT: Have you read it and gone over it carefully with your attorney?

THE DEFENDANT: Yes, your Honor.

7

THE COURT: Have you discussed with your attorney not only the charges contained in the indictment but also any possible defenses that you might have to those charges?

THE DEFENDANT: Yes, your Honor.

THE COURT: This indictment charges you under Title 18, Section 922(g)(1), which makes it a crime for a convicted felon to possess a firearm....

....

Now, if you enter a plea of guilty to these charges, the maximum possible sentence which the court could impose upon you would be a term of imprisonment of up to ten years, a fine of up to $250,000. A term of supervised release of not less than two but not more than three years, and a special assessment of $100. The term of supervised release will begin upon your release from prison and will be in addition to your prison term. If during the term of your supervised release you violate any condition thereof, the court could revoke your supervised release and send you back to prison for an additional term of imprisonment of up to the original term of the supervised release. You would not be entitled to any credit for any portion of the supervised release already served.

....

Now, although I have just explained to you the maximum possible sentence, I will consider the federal sentencing guidelines in deciding what sentence to impose. Those guidelines are no longer mandatory on the court. They are advisory only. Have you and your attorney discussed how these guidelines might apply to your case?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand that neither your attorney nor I will be able to determine the specific guideline range for your case until after a presentence investigation report has been prepared by the probation office and both you and the government have had an opportunity to file objections to that report?

THE DEFENDANT: Yes, your Honor.

....

> THE COURT: Do you understand that if at sentencing I should decide to sentence you to a greater sentence than you might be expecting that you would have no right to withdraw your guilty plea at that time?
>
> THE DEFENDANT: Yes, your Honor.

See See Mot. to Dismiss [Docket No. 29], Ex. B (Plea Hr'g Tr.), at 8-11, 15.

Based on a review of the record, the Court finds that Collins was clearly informed of the maximum term of imprisonment for the charges alleged in the Indictment, and was clearly informed that neither his attorney nor the Court would be able to determine his specific Sentencing Guideline range until after a presentence investigation report was prepared. Under these circumstances, the Court finds that Collins has failed to establish that his counsel's representation fell below an objective standard of reasonableness.

Clearly, Collins was properly represented through his guilty plea hearing, and the Court properly advised him of the statutory maximum term of imprisonment for the charged offenses. The issue in this case is whether it is ineffective assistance of counsel to fail to advise the defendant that he might receive an enhancement under the Sentencing Guidelines for being an armed career criminal, or for the Court to fail to so advise at the guilty plea hearing. In many case, if not most, an attorney at the time of the plea hearing may not know of prior convictions that would qualify the defendant as an armed career criminal under the Sentencing Guidelines. Additionally, in most cases the Court would not have

9

such information until the presentence investigation report has been prepared.

Although the Court was unable to find any cases in which the Fifth Circuit has directly addressed this issue,[1] other courts have

---

[1] See e.g. United States v. Faubion, 19 F.3d 226, 232 n.31 (5th Cir. 1994)(finding that the defendant waived her argument that she received ineffective assistance of counsel based on her attorney's alleged "failure to warn her of the possibility that she would be classified as a career offender" because she failed to raise the issue in the district court); United States v. Bazan, No. 95-50448, 1995 WL 798424, at *3-4 (declining to address the defendant's argument that he was denied ineffective assistance of counsel because "his counsel did not tell him that there was a possibility he could be sentenced as a career offender" on the basis that the claim was raised for the first time on appeal).

In Bazan, however, the court found that the defendant's ineffective assistance of counsel claim based on an allegation that "his counsel failed to accurately predict that [he] would be sentenced as a career offender" lacked merit explaining:

> [T]his court has previously determined that an attorney's incorrect prediction of the application of Sentencing Guidelines does not constitute ineffective assistance of counsel. Second, [the defendant's] own sworn statements at his plea proceeding contradict his current assertion of prejudice. For, although [the defendant] now claims that he would not have pleaded guilty had he known he could be sentenced as a career offender, at the time he entered his guilty plea, [he] indicated under oath that (1) he understood the maximum possible punishment he could face, (2) that no one could tell him what his sentence would be until after the court reviewed his Presentence Report, (3) and that he had discussed the application of the Sentencing Guidelines to his case. These statements all contradict his current assertion that he would not have pleaded guilty had he known that he could receive the career offender sentence. Therefore, we find that [the defendant] has failed to prove that his trial counsel was ineffective for inaccurately predicting that [he] would be sentenced as a career offender.

Bazan, 1995 WL 798424, at *3-4 (alterations in original)(citations omitted).

found that an attorney's failure to warn of possible enhancements under the Sentencing Guidelines does not amount to ineffective assistance of counsel. See e.g. Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994)(finding, that as the district court is not required to inform a defendant that the applicable Sentencing Guideline range includes the possibility of an enhanced sentence as a career offender, the failure of a lawyer to inform his client of that possibility does not show that the lawyer's representation fell below an objective standard of reasonableness)[2]; Nwachia v.

---

[2] In Thomas, the defendant argued "that he was denied effective assistance of counsel in the plea proceedings because his lawyer did not advise him that under the Guidelines he could be sentenced as a career offender, which could carry a more severe sentence." Thomas, 27 F.3d at 325. In denying Thomas's ineffective assistance of counsel claim, the court concluded:

> As the district court stated in denying Thomas's § 2255 motion, Thomas's "right to be apprised of the court's sentencing options is no greater than the provisions of FED. R. CRIM. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Our ruling ... that the "District Court is not required to inform the defendant of the applicable guideline range" included the possibility of an enhanced sentence as a career offender. In these circumstances, the failure of Thomas's lawyer to inform him of that possibility did not establish that his lawyer's "representation fell below an objective standard of reasonableness" Baxter v. United States, 966 F.2d 387, 389 (8th Cir. 1992). Cf. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993)("misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel"); United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990) ("attorney's incorrect estimate of the applicable offense severity rating" under Parole Commission Guidelines not ineffective assistance of counsel); United States v. Sweeney, 878 F.2d 68, 69-70 (2d Cir. 1989)(lawyer's "erroneous estimate" of Guideline Sentencing range not ineffective assistance of counsel).

Id. at 326 (alterations in original).

United States, 891 F. Supp. 189 (D.N.J. 1995)(denying the defendant's claim that he received ineffective assistance of counsel based on his attorney's failure to advise of a potential career offender enhancement under the Sentencing Guidelines because the defendant had been fully advised of the maximum sentence associated with the charges in the indictment, and had been clearly warned that the eventual guideline range could not be determined until the presentence investigation report was prepared); Figueroa v. United States, No. 91-CIV 1047, 1993 WL 88213, at *5-6 (S.D.N.Y. Mar 24, 1993)(rejecting an ineffective assistance of counsel claim based on allegations that the attorney failed to advise of a possible career offender enhancement and had provided an erroneous prediction as to the length of sentence, on finding that although the "career offender provision operates in a more mechanical and mandatory fashion than the other guideline provisions", an attorney's advice regarding the possible sentencing range is not "ultimately knowable" because (1) "a defendant's criminal history is determined by factors which may not be clear at the time of the plea and which may be determined by the judge at sentencing" and (2) the "court may depart from the sentencing range established by the Guidelines if it finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.")(citations omitted). See also United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990)("The

consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged...."); United States v. Shedrick, 493 F.3d 292, 299 (3d. Cir. 2007)(finding that the defendant's ineffective assistance of counsel claim, which was based on the alleged failure by his attorney to warn of potential enhancements or upward departures at sentencing, lacked merit because "defense counsel's conjectures to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion.").

The Court additionally finds that because Collins was clearly informed by the Court that his Sentencing Guideline range could not be determined until after the presentence investigation was completed, Collins has failed to establish prejudice under Strickland. See e.g. United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (finding that the defendant's attempt to establish prejudice by claiming "if he had been correctly told that he could be sentenced as a career offender, he would not have pleaded guilty, but would have proceeded to trial" was not supported by the record which showed that any misinformation the defendant may have received from his attorney was corrected by the trial court at the plea hearing, and because "the trial court properly informed [the defendant] the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him.")(citations omitted).

Having reviewed the record, the Court finds there does not exist a fact issue as to whether Collins was denied effective assistance of counsel based on his attorney's failure to advise him of a potential enhancement as an armed career criminal under the Sentencing Guidelines. Accordingly, the Court finds that Collins is not entitled to relief under 28 U.S.C. § 2255 based on that claim.

In his Motion to Vacate, Collins also argues that he was denied effective assistance of counsel because his attorney failed to object to his being sentenced as an armed career criminal. The Court finds that this claim does not directly affect either the validity of Collins's guilty plea or waiver of rights and, therefore, does not survive the waiver set forth in the MOU. Accordingly, the Court finds that Collins is not entitled to relief under 28 U.S.C. § 2255 based on this claim.

### III. Conclusion

For the foregoing reasons, the Court finds that Collins is not entitled to relief under 28 U.S.C. § 2255 based on either of the ineffective assistance of counsel claims alleged in his Motion to Vacate. Accordingly, the Court finds that Collins's Motion to Vacate should be denied, with prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [Docket No. 23] is hereby denied.

IT IS FURTHER ORDERED that the Motion of the Government to Dismiss [Docket No. 29] is hereby granted.

IT IS FURTHER ORDERED that the Motion of the Government to Extend Deadline for Filing Response During Pendency of Motion to Dismiss [Docket No. 30] is hereby denied as moot.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 1st day of April, 2009.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE